# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JORDAN T. BONDS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:19-CV-2469 SNLJ |
| 22nd JUDICIAL COURTS, | ) ) ) |
| Respondent. | ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Jordan T. Bonds' request for this Court to intervene with his criminal action currently pending in St. Louis City Court such that he can have a reduction in his bond in that matter. For the reasons discussed below, petitioner's request will be denied and dismissed.

### **Background**

Petitioner is a Missouri state pretrial detainee, presently incarcerated at the St. Louis City Justice Center. He has been charged with statutory sodomy/deviate sexual intercourse with a person less than twelve years old, child molestation in the first degree, and abuse or neglect of a child. *State of Missouri v. Bonds*, No. 1922-CR00050-01 (22nd Judicial Cir., St. Louis City Court).[1]

A complaint was filed in petitioner's criminal case on January 4, 2019. A warrant was issued for petitioner on that same date, with a $30,000 cash bond set at that time. Petitioner was arraigned on January 7, 2019. Petitioner's counsel immediately sought reduction of petitioner's bond on January 16, 2019, but his request was denied by the Court on January 22, 2019.

---

[1] Petitioner's criminal case was reviewed on Missouri Case.net, Missouri's online case management system.

A grand jury indictment was filed on March 19, 2019, and on May 9, 2019, the Court found that "the accused posed a danger to a crime victim, the community, or another person." At that time, the Court ordered that petitioner's conditions of confinement and bond remain the same. On August 23, 2019, petitioner made a speedy trial request, and on September 3, 2019, the Court heard arguments once again as to the matter of petitioner's bond. At that time, the Court found that "no bond could secure the safety of the community."

On November 22, 2019, the Court again heard petitioner's motion to modify his bond. After considering the arguments before it, the Court again found that petitioner "remains a danger to the community" and denied a reduction in the bond. The matter is currently set for trial on April 16, 2020.

## Discussion

In the present action, petitioner filed his request for this Court's intervention on a court-form for filing a complaint pursuant to 42 U.S.C. § 1983 civil rights cases. However, because petitioner does not seek money damages in this action, but rather a reduction in his bond amount and to be released while he is awaiting trial, the Court believes his action is better suited to one brought pursuant to 28 U.S.C. § 2241.

Petitioner asserts that the St. Louis City criminal court has imposed excessive bond in violation of the Eighth Amendment. Petitioner seeks removal of the bond so that he may work while he is awaiting trial.

## Discussion

This action is properly reviewed pursuant to 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority

2

contained within 28 U.S.C. § 2241"); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. While the primary function of bail is to safeguard the role of courts in adjudicating the guilt or innocence of defendants, the only substantive limitation is that the "conditions of release or detention not be excessive in light of the perceived evil." *United States v. Salerno*, 481 U.S. 739, 754 (1987). In determining whether bail is unconstitutional, a defendant's mere financial inability to post an amount does not automatically indicate excessiveness. *White v. United States*, 330 F.2d 811, 814 (8th Cir. 1964).

Federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). To that end, when a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues or excessive bail, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (stating that the doctrine of exhaustion of state remedies is meant to protect state courts' opportunity to confront and resolve constitutional

3

issues within their jurisdictions, and is especially important in a speedy trial claim, where the relief granted usually results in dismissal of the case); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, petitioner must first exhaust his state remedies, absent a showing of "special circumstances"); and *Moore v. DeYoung*, 515 F.2d 437, 446 (3rd Cir. 1975) (stating that speedy trial issues require state exhaustion before there can be federal habeas consideration, unless the petitioner can demonstrate "extraordinary circumstances" that would obviate the exhaustion requirement). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Petitioner has not demonstrated that he has exhausted his state court remedies. Review of his state proceedings in *State of Missouri v. Bonds*, No. 1922-CR00050-01 (22nd Judicial Cir., St. Louis City Court), show that although petitioner has sought reduction of his bond in the trial court on several occasions, he has not sought a reduction of his bond in a higher court in Missouri.

Missouri's Supreme Court Rules allow a person detained and unable to meet the conditions of release to have those conditions first "reviewed by the court which imposed them." Mo. Ct. R. 33.05. If a court "sets inadequate or excessive conditions," the accused may seek a remedial writ in a higher court. Mo. Ct. R. 33.09. There is no indication that petitioner has attempted to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri's Supreme Court Rules. Thus, he has not exhausted his state remedies. He has also failed to establish any "special circumstances" that would allow him to avoid the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the

exhaustion requirement apply only in extraordinary circumstances" and that the burden is on petitioner to demonstrate such circumstances).

The purpose of exhaustion is to protect the role of state courts in enforcing federal law and to prevent disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). If petitioner was allowed to proceed without exhausting his state remedies, it would place this Court in the position of second-guessing the state court judge and interrupting the state adjudication of petitioner's case. The Court therefore declines petitioner's request to rule upon the constitutionality of his bond before he has utilized the state court mechanisms for such review. As such, petitioner's excessive bond claim is subject to dismissal and the Court will not consider this claim.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED for failure to exhaust state remedies.**

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 7th day of January, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE